# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| PHILLIP NATHAN KERCH, | : |
| Plaintiff, | : |
| VS. | : No. 5:17-cv-00186-MTT-CHW |
| Warden GLEN JOHNSON, *et al.*, | : |
| Defendants. | : |

## ORDER AND RECOMMENDATION

This case is currently before the United States Magistrate Judge for preliminary screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). Plaintiff Phillip Nathan Kerch, an inmate currently confined at Autry State Prison, filed the above-captioned proceeding seeking relief under 42 U.S.C. § 1983. In his complaint, Plaintiff alleges that he was subjected to repeated sexual harassment, sexual assaults, and physical injury at the hands of Officer Redding, a prison guard at Dooly State Prison. Plaintiff further asserts that he notified Defendants Johnson and McLaren of Redding's actions, but neither Defendant attempted to stop Defendant Redding.

In accordance with the discussion below, Plaintiff may proceed with his Eighth Amendment claims against Defendants Johnson, McLaren, and Redding. Plaintiff may also proceed with his First Amendment retaliation claim against Defendant McLaren. Plaintiff's Sixth Amendment claim and remaining First Amendment claim are frivolous,

1

and it is **RECOMMENDED** that these claims be **DISMISSED with prejudice**.

I. <u>**Motion to Proceed In Form Pauperis**</u>

Although Plaintiff is allowed to proceed *in forma pauperis* in this action, Plaintiff is still obligated to pay the full balance of the filing fee, in installments, as set for in § 1915(b) and explained below. It is thus requested that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee.

A. <u>Directions to Plaintiff's Custodian</u>

It is hereby **ORDERED** the warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

B. <u>Plaintiff's Obligations Upon Release</u>

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is

hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

## II. Preliminary Review of Plaintiff's Complaint

### A. Standard for Preliminary Review

Under the PLRA, the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required, under 28 U.S.C. § 1915(e), when the plaintiff is proceeding IFP. When conducting a preliminary review, the district court must accept all factual allegations in the complaint as true and make all inferences in the plaintiff's favor. *See Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and a *pro se* compliant is thus "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). The district court, however, cannot allow a plaintiff to litigate frivolous, conclusory, or speculative claims. As part of the preliminary screening, the court shall dismiss a complaint, or any part thereof, prior to service, if it is apparent that the plaintiff's claims are frivolous or if his

3

allegations fail to state a claim upon which relief may be granted – i.e., that the plaintiff is not entitled to relief based on the facts alleged. *See* § 1915A(b); § 1915(e).

To state a viable claim, the complaint must include "enough factual matter" to – not only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" – but to also create "a reasonable expectation" that discovery will reveal evidence to prove the claim(s). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The claims cannot be speculative or based solely on beliefs or suspicions; each must be supported by allegations of relevant and discoverable fact. *Id.* Thus, neither legal conclusions nor a recitation of legally relevant terms, standing alone, is sufficient to survive preliminary review. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ("labels and conclusions" or "a formulaic recitation of the elements" of a cause of action is not enough). Claims without an arguable basis in law or fact will be dismissed as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (claims frivolous if "clearly baseless" or "legal theories are indisputably meritless").

**B. Background and Plaintiff's Claims**

The events underlying this complaint occurred at Dooly State Prison beginning in March 2017. Plaintiff alleges that Defendant Redding, a guard at Dooly State Prison, has repeatedly threatened, physically injured, and sexually assaulted Plaintiff. In March 2017, Defendant Redding, as part of an ongoing campaign of harassment, told Plaintiff to "suck his Dick" causing Plaintiff to fear for his life, file a "P.R.E.A. (Prison Rape Elimination Act)," and submit "statements" to Defendants Johnson and McClaren. ECF No. 11 at 2.

In April 2017, Defendant Redding continued to harass Plaintiff and, among other things, told inmates Plaintiff was a "snitch and someone needed to deal with [Plaintiff]." *Id.* at 3; ECF No. 6 at 3. Plaintiff grieved the incident and "more statements were wrote and turned into all supervisors."

On May 6, 2017, Officer Redding came to Plaintiff's cell in the early morning hours and began kicking Plaintiff's door until another guard intervened. ECF No. 6 at 3. Later that day, Defendant Redding returned and smashed Plaintiff's hand in a tray flap "causing severe swelling and extreme pain." ECF No. 11 at 3. When Plaintiff asked to go to medical, Defendant Redding "stated 'you dead' and slammed the window flap." ECF No. 6 at 4. Plaintiff was not taken to medical for two days. He was returned to his cell on May 18 or 19, whereupon Defendant Redding grabbed Plaintiff's buttocks and stated "go tell that punk you can't touch me I know people and do what I want." ECF No. 6 at 5; ECF No. 11 at 3-4. Plaintiff submitted more grievances, statements, and rape act complaints. He was told by Defendant McLaren he files "too much paper work," and his grievances were lost. ECF No. 11 at 4. Plaintiff was then transferred to Calhoun State Prison on June 22, 2017, had a mental breakdown due to the harassment, swallowed a razor-blade, and was then transferred to Autry State Prison Mental Health Facility. ECF No. 11 at 4.

Plaintiff seeks to bring Eighth Amendment excessive force and deliberate indifference claims against Defendant Redding. He further seeks to bring Eighth Amendment claims against Defendants Johnson and McClaren for failing to prevent

5

Defendant Redding from violating Plaintiff's rights. Finally, Plaintiff seeks to bring First Amendment retaliation and Sixth Amendment claims against Defendant McLaren.

### i. *Eighth Amendment Claims*

"The Eighth Amendment governs 'the treatment a prisoner receives in prison and the conditions under which he is confined.'" *Farrow v. West*, 320 F.3d 1235, 1242 (11th Cir. 2003) (quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). Pursuant to the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodily harm.

"In the prison context, three distinct Eighth Amendment claims are available to a plaintiff inmate alleging cruel and unusual punishment." *Thomas v. Bryant*, 614 F.3d 1288, 1303 (11th Cir. 2010) (quoting *Danely v. Allen*, 540 F.3d 1298, 1306 (11th Cir. 2008)). They challenge the conditions of a prisoner's confinement, the use of excessive force, and deliberate indifference to a serious medical need. *Id*. "Each of these claims requires a two-prong showing: an objective showing of a deprivation or injury that is 'sufficiently serious' to constitute a denial of the 'minimal civilized measure of life's necessities' and a subjective showing that the official had a 'sufficiently culpable state of mind.'" *Id*. (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "What is necessary to show sufficient harm and what is necessary to show a sufficiently culpable state of mind varies with the type of Eighth Amendment claim at issue." *Id*. A claim based on conditions of confinement requires showing deliberate indifference to an "extreme

deprivation." *Id*. A medical needs claim also requires deliberate indifference. An excessive force claim, on the other hand, "requires a showing of a heightened mental state—that the defendants applied force 'maliciously and sadistically for the very purpose of causing harm.'" *Id*. (quoting *Wilson*, 501 U.S. at 302).

It is well recognized that gratuitous and unjustified violence on the part of prison guards against inmates constitutes excessive force under the Eighth Amendment. *See Hudson v. McMillian*, 503 U.S. 1, 5 (1992) ("the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm"); *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986) (explaining that excessive force depends on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm). "[S]evere or repetitive sexual abuse of a prisoner by a prison official," can amount to conditions of confinement that violate the Eighth Amendment. *See Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006) (citations omitted). A failure to treat an inmate's extreme or serious pain may constitute deliberate indifference under the Eighth Amendment. *See e.g. Brown v. Hughes*, 894 F.2d 1533, 1538 (11th Cir.1990) (failing to treat painful broken foot for six hours may violate Eighth Amendment). Plaintiff's allegations against Defendant Redding implicate all three types of the Eighth Amendment Claims recognized by the Eleventh Circuit, and he has alleged facts sufficient to proceed with all of them.

Plaintiff may also proceed with his Eighth Amendment claims against Defendants McLaren and Johnson. "It is well established in this Circuit that supervisory officials are not liable under [Section] 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999)). "Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Id*. (citations omitted). A causal connection may be established when:

> 1) a "history of widespread abuse" puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so; 2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or 3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so.

*Mathews v. Crosby*, 480 F.3d 1265, 1270 (11th Cir. 2007) (citing *Cottone*, 326 F.3d at 1360).

Plaintiff does not allege that Defendants Johnson and McLaren were personally involved in the abuse he allegedly suffered, he does state that he turned in statements complaining of Defendant Redding's actions to both Defendants on multiple occasions and they took no steps to prevent or abate those actions. Thus, drawing inferences in Plaintiff's favor, both Defendants were aware that Plaintiff was being harassed and assaulted by Redding and did not take any actions to prevent further injury. At this stage,

Plaintiff's allegations are sufficient to allow his Eighth Amendment claims against Defendants Johnson and McLaren to proceed.

### ii. *First and Sixth Amendment Claims*

Plaintiff also raises First and Sixth Amendment claims against Defendant McLaren. The Sixth Amendment guarantees an accused certain rights in all criminal prosecutions. Plaintiff's allegations do not involve a criminal trial, the assistance of counsel, or a criminal defense. Therefore, it is **RECOMMNEDED** that Plaintiff's Sixth Amendment claims be **DISMISSED without prejudice**. It is further **RECOMMENDED** that Plaintiff's First Amendment claims based on Defendant McLaren disposing of or otherwise "losing" Plaintiff's prison grievances be **DISMISSED without prejudice.** Inmates have no constitutionally-protected right to access a prison's grievance procedure. *See Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011).

Plaintiff may, however, proceed with his First Amendment retaliation claim. "[I]t is established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to a prison's administrators about the conditions of his confinement." *O'Bryant v. Finch*, 637 F.3d 1207, 1212 (11th Cir. 2011). Plaintiff alleges that Defendant McLaren had Plaintiff transferred as retaliation for filing grievances about Plaintiff's conditions of confinement. Liberally construed, and in light of Plaintiff's allegations that McLaren verbally warned Plaintiff about filing grievances, the complaint alleges a non-frivolous claim. *See e.g. Bridges v. Russell*, 757 F.2d 1155 (11th Cir. 1985) (finding that alleging prison transfer as

retaliation for filing grievances may state a claim for relief).

### III. Conclusion

Pursuant to the above, Plaintiff may proceed with his Eighth Amendment claims against Defendants Redding, Johnson, and McClaren. Plaintiff may also proceed with his First Amendment retaliation claims against Defendant McLaren. It is **RECOMMENDED** that Plaintiff's First Amendment claim based on Defendant McLaren disposing of Plaintiff's grievances and Plaintiff's Sixth Amendment claim be **DISMISSED without prejudice**.

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Court Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal any order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

### ORDER FOR SERVICE

Based on the forgoing, the undersigned will allow Plaintiff to proceed with claims against Defendants Redding, Johnson, and McLaren. Accordingly, it is **ORDERED** that service be made on Defendants Redding, Johnson, and McLaren and that thy file an

Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING & SERVICE OF MOTIONS AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the

Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a

protective order is sought by the Defendants and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

13

## COMPLIANCE WITH COURT ORDERS AND REQUESTS

Failure to fully and timely comply with any order or request of the Court, or other failure to diligently prosecute this case, will result in the dismissal of the failing party's pleadings. *See* Fed. R. Civ. P. 41.

**SO ORDERED AND RECOMMENDED**, this 2nd day of August, 2017.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge