IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| PHILLIP NATHAN KERCH, | : |
| Plaintiff. | : |
| v. | : No. 5:17-cv-00186-MTT-CHW |
| Warden GLEN JOHNSON, *et al.*, | : |
| Defendants. | : |

## **RECOMMENDATION**

Currently before the Court is Plaintiff's Motion for Temporary Restraining Order (ECF No. 3) filed in the above styled civil rights action brought pursuant to 28 U.S.C. § 1983. Plaintiff seeks an order enjoining Defendant Redding, a guard at Dooly State Prison, from having contact with Plaintiff. Plaintiff alleges that Defendant Redding has repeatedly subjected Plaintiff to sexual, physical, and verbal harassment.

A temporary restraining order ("TRO") or preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than grant most or all of the substantive relief sought in the complaint. *See, e.g., Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982). Such relief is only appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) relief is necessary to prevent irreparable injury; (c)

1

the threatened injury outweighs the harm that a preliminary injunction would cause to the non-movant; and (d) granting relief would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001). An irreparable injury "must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir.2000) (citations omitted).

At the time Plaintiff filed the instant action and his motion for TRO he was incarcerated at Dooly State Prison. On July 24, 2017, shortly after Plaintiff filed the instant motion, Plaintiff was transferred to Autry State Prison. ECF No. 10. On October 30, 2017, Plaintiff was transferred to Valdosta State Prison. ECF No. 13. Here, the only injunctive relief Plaintiff seeks through his motion for temporary restraining order is against Defendants at Dooly State Prison. However, "a prisoner's request for injunctive relief relating to the conditions of his confinement becomes moot when he is transferred." *Davila v. Marshall*, 649 F. App'x 977, 989 (11th Cir. 2016) (citing *Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988)). Because Plaintiff is no longer incarcerated at Dooly State Prison the relief he seeks through his motion for TRO is moot. *McKinnon v. Talldega Cty, Ala.*, 745 F.2d 1360, 1362 (11th Cir. 1984) (eighth amendment claims for injunctive relief moot where Plaintiff was transferred from facility where violations allegedly occurred); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (inmate's claim for injunctive relief mooted by transfer to another facility). Further, even if his claim for relief was not moot, Plaintiff cannot show a threat of irreparable injury if the TRO is not

granted, as Plaintiff is no longer under the control of Defendants. Consequently, it is **RECOMMENDED** that Plaintiff's Motion for Temporary Restraining Order (ECF No. 3) be **DENIED as moot**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 8th day of December, 2017.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
